IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GIGI HAYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:24-cv-222 |
| | § | |
| | § | |
| TESLA, INC., and | § | |
| INDEED FLEX, INC. | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff GIGI HAYES ("Plaintiff") complains of TESLA, INC., and INDEED FLEX, INC. and for her cause of action would show the Court as follows:

### I.

### INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act.

### II.

### PARTIES

2. Plaintiff GIGI HAYES is a resident of Bastrop County, Texas.

3. Defendant TESLA, INC. is an entity which may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant INDEED FLEX, INC. is an entity which may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.

### JURISDICTION, VENUE, AND ADMINISTRATIVE REMEDIES

5. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Texas Commission on Human Rights Act, as amended, in accordance with those statutes' provisions against sex discrimination and retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex and on account of retaliation for participating in activity protected under Title VII and the TCHRA.

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

7. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

8. Plaintiff filed a charge of discrimination against Defendant Tesla, Inc. with the United States Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division on December 19, 2022, within 180 days of her termination on October 13, 2022. Plaintiff received a notice of the right to sue Defendant from the EEOC, dated December 8, 2023, which is within 90 days of the filing of this Complaint. Plaintiff files this Complaint within two years of her filing with the EEOC and Texas Workforce Commission Civil

Rights Division, and so files within the statute of limitations for a claim under the Texas Commission on Human Rights Act, for which no notice of right to sue is required.

9. Plaintiff filed a charge of discrimination against Defendant Indeed Flex, Inc. with the United States Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division on December 19, 2022, within 180 days of her termination on October 13, 2022. Plaintiff received a notice of the right to sue Defendant from the EEOC, dated December 8, 2023, which is within 90 days of the filing of this Complaint. Plaintiff files this Complaint within two years of her filing with the EEOC and Texas Workforce Commission Civil Rights Division, and so files within the statute of limitations for a claim under the Texas Commission on Human Rights Act, for which no notice of right to sue is required.

## IV.

## CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

11. Ms. Hayes was hired by Defendant Indeed Flex, Inc. to work as an Assembler for Defendant Tesla, Inc. in July 2022. Shortly after Ms. Hayes was hired, she reported to Defendant's HR Department that she had been discriminated against based on her sexual orientation. Specifically, Ms. Hayes wrote the following:

> To whom it may concern, My name is Gigi Hayes, I work under Thomas Lopez and Kier Carter. The individual with whom I am writing about is Christina Deleon. I started my new job on July 11th and around the 13th or 14th Christina approached me at my work station. she said she overheard my conversation with someone else that I had a wife! I said yes I do. She wanted to know what made me be with a women! she told me that she was strictly dickly and couldn't understand how I was satisfied and followed it up with... you probably have toys! she ask if I go to church, if I read the bible, if I knew what the rainbow meant, if I knew the difference between God and Jesus and when I die and go to

the gates and Jesus ask what reason do I have for entering what would I say. I did not tell anyone earlier because she's been there longer and I did not want to be branded as a snitch and have her co worker friends make me feel uncomfortable for doing so. I'm already feeling uncomfortable working with Christina, however I do not want to be moved I would like to master the line I am currently working before learning something knew. I greatly appreciate you help with this matter.

12. Ms. Hayes received the following response: "This has been received and relevant team members have been informed. They will be in touch with you." However, nobody got in touch with Ms. Hayes about her complaint. The same day Ms. Hayes made the report to HR, she also told her supervisors about what Cynthia had done, and that Ms. Hayes had made the report to HR about Cynthia. After making the report, Ms. Hayes' supervisors significantly reduced their communication with her, and behaved as if they did not want to work with Ms. Hayes anymore.

13. On August 19, 2022, Ms. Hayes again let HR know about the complaint she had made about discrimination based on her gender/sexual orientation. Ms. Hayes told HR that she believed that her supervisors were retaliating against her for making that complaint.

14. On October 13, 2022, Defendants notified Ms. Hayes that she was being terminated from her position. Ms. Hayes was given inconsistent reasons for her termination, which are a pretext for Defendants' decision to retaliate against Ms. Hayes for reporting unlawful discrimination and to discriminate against Ms. Hayes based on her gender/sexual orientation.

VI.

CAUSES OF ACTION

**COUNT ONE - DISCRIMINATION AND RETALIATION UNDER TITLE VII**

15. Plaintiff filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission (EEOC) on December 19, 2022, within 180

days of her termination on October 13, 2022. Plaintiff received a notice of the right to sue from the EEOC dated December 8, 2023, which is within 90 days of the filing of this Complaint.

16. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and retaliated against for opposing gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

17. Defendant Tesla, Inc. is an employer within the meaning of Title VII.

18. Defendant Indeed Flex, Inc. is an employer within the meaning of Title VII.

19. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, becauseof such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

20. Defendants intentionally discriminated against Plaintiff because of her gender and her opposition to Defendants' discriminatory conduct in its treatment of Plaintiff.

21. Defendants intentionally discriminated against Plaintiff because of her gender (female) in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to subjecting Plaintiff to different terms and conditions of employment from her male peers and by terminating her employment. Defendants' decisions were motivated by Plaintiff's gender, and by Plaintiff's opposition to Defendants' discriminatory conduct. Plaintiff

made a discrimination complaint and opposed a discriminatory practice by Defendants, and suffered adverse employment actions as a result. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

### COUNT TWO - DISCRIMINATION AND RETALIATION UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

22. <u>Discrimination.</u> The conduct of the Defendants towards Plaintiff, through their agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of gender, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

23. Plaintiff's gender was a determining or motivating factor in Defendants' employment decisions regarding Plaintiff as described above, including the decision to subject Plaintiff to disparate terms and conditions of her employment and to terminate Plaintiff's employment. Plaintiff's gender moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

24. <u>Retaliation.</u> In addition, Defendants retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing gender discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendants' employment decisions regarding Plaintiff, as described above, including the decision to terminate Plaintiff's employment.

## VII.

## DAMAGES

25. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

26. Defendants intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

27. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

28. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.

Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

## JURY DEMAND

29. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF